UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

CASE NO:

**JOANNE BUSTILLOS,**
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

**RANDALL-REILLY LLC,**

      Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Joanne Bustillos brings this class action against Defendant Randall-Reilly LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

2. Defendant offers marketing, sales, search engine optimization and recruiting services to the trucking, construction and agriculture industries.

3. Defendant also initiates calls to individuals' cellular telephones numbers for the purpose of delivering pre-recorded telemarking massages without first obtaining the required express written consent.

1

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers from this District.

## PARTIES

7. Plaintiff is a natural person who, at all times relevant to this action, was a resident of California.

8. Defendant is a corporation whose principal office is located in Tuscaloosa, Tuscaloosa County, Alabama. Defendant directs, markets, and provides its business activities throughout the state of Alabama.

## FACTS

9. On March 11, 2021, March 18, 2021, April 12, 2021 and April 21, 2021 Defendant caused multiple prerecorded voice message to be transmitted to Plaintiff's cellular telephone number ending in 1877 ("1877 Number").

10. The prerecorded messages included an artificial and/or prerecorded voice which identified itself as calling from "best driver jobs" and "good trucker jobs".

11. The prerecorded messages came from the telephone numbers: 855-790-1097; 855-903-2517; 833-699-1202; and 833-924-2611.

12. Upon listening to the prerecorded messages, Plaintiff was able to determine that the messages were prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

13. At the time Plaintiff received these prerecorded voice messages Plaintiff was the subscriber and/or sole user of the 1877 Number.

14. Upon information and belief, Defendant's prerecorded message calls were intended to promote Defendant's business, goods and services.

15. Specifically, Defendant sells recruitment marketing services and recruitment leads to companies in exchange for a financial benefit.

16. At no point in time did Plaintiff provide Defendant with her express written consent for prerecorded message calls to be initiated to her cellular telephone.

17. Upon information and belief, Defendant caused similar prerecorded messages to be sent to individuals residing within this judicial district.

18. Defendant's unsolicited prerecorded messages caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

19. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

20. Plaintiff brings this case on behalf of the Class defined as follows:

> **NO CONSENT CLASS**: All persons in the United States who, within four years prior to the filing of this action, (1) Defendant, (2) initiated a call using a prerecorded or artificial voice message, (3) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services, and (4) for which Defendant failed to secure the called party's prior express written consent

3

21. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

22. Defendant and its employees are excluded from the Classes. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

23. Upon information and belief, Defendant has initiated the delivery of prerecorded messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

24. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

25. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant initiated non-emergency calls to Plaintiff's and Class members' telephones using prerecorded messages;

   b) Whether the calls initiated to Plaintiff's and Class members' telephones using prerecorded messages were for the purpose of telemarketing;

   c) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

   d) Whether Defendant's conduct was knowing and willful;

   e) Whether Defendant is liable for damages, and the amount of such damages; and

   f) Whether Defendant should be enjoined from such conduct in the future.

26. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely initiates calls and delivers prerecorded telemarketing messages to cellular telephone numbers is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

27. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

28. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

29. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)
### (On Behalf of Plaintiff and No Consent Class)

31. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

32. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

33. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

34. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party …" 47 C.F.R. § 64.1200(a)(2).

35. Defendant initiated non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class to deliver prerecorded messages for the purpose of telemarketing.

36. Defendant did not obtain prior express written consent to initiate calls the cellular phones of Plaintiff and the other members of the putative Class when its calls were initiated.

37. Defendant has, therefore, violated §§ 227(b)(1)(A)(iii), 64.1200(a)(1)(iii), and 64.1200(a)(2) by initiating calls to deliver prerecorded messages to the cellular telephones of Plaintiff and the other members of the putative Class without their prior express written consent for the purpose of telemarketing.

38.     Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

39.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first and to otherwise protect the interests of the Class;

g) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: July 1, 2021

                        Respectfully submitted,

                        By: */s/ Ignacio Hiraldo*
                        Ignacio Hiraldo, Esq.
                        **IJH Law**
                        1200 Brickell Ave.
                        Suite 1950
                        Miami, FL 33131
                        E: IJhiraldo@IJhlaw.com
                        T: 786-496-4469

                        By: /s/ John R. Cox
                        John R. Cox
                        **JRC LEGAL**
                        30941 Mill Lane, Suite G-334
                        Spanish Fort, AL 36527
                        Tel: (251) 517-4753
                        john@jrclegal.net

                        *Attorneys for Plaintiff and the Proposed Class*